IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KENNETH FOWLER,

                Plaintiff,                           OPINION AND ORDER

    v.

                                                 14-cv-28-wmc

ANGELA E. KROLL, N. KAMPHUIS,
B. SCHRUBBE, P. SUMNICHT,
DAVID BURNETT, MS. DETERT,
EDWARD WALL and WILLIAM POLLARD,

                  Defendants.[1]

      *Pro se* plaintiff Kenneth Fowler brings this action pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement at the Waupun Correctional Institution. Because he is incarcerated, the court is required by the Prison Litigation Reform Act (the "PLRA") to screen the proposed complaint and determine whether this action (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A. In addition, Fowler has filed a motion requesting court assistance in locating volunteer counsel to assist him in this case. (Dkt. # 6). For reasons set forth below, the court will screen the complaint and grant Fowler's request for assistance in recruiting counsel, at the outset for the limited purpose of fashioning his claim(s).

ALLEGATIONS OF FACT

      In addressing any *pro se* litigant's complaint, the court must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by

---

[1] One of the defendants listed by plaintiff, Gary H. Hamblin, has been succeeded as Secretary of the Department of Corrections by Edward Wall. Therefore, the court substitutes Wall in Hamblin's place pursuant to Fed. R. Civ. P. 25(d).

lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972).   For purposes of this order, the court accepts the following facts as true:

Plaintiff Kenneth Fowler is currently confined in the Wisconsin Department of Corrections ("WDOC") at the Columbia Correctional Institution in Portage.   At all times pertinent to the complaint, however, he was in custody at Waupun Correctional Institution ("WCI"), where most of the defendants are employed.   At WCI, defendant Angela E. Kroll is an Institutional Complaint Examiner ("ICE"); defendant N. Kamphuis is a program supervisor; defendant P. Sumnicht is a physician; defendant Detert is a social worker defendant B. Schrubbe is the Health Services Unit Manager; and William Pollard is the warden.   In addition to these defendants employed at WCI, Fowler sues two defendants employed by WDOC at the central office in Madison:  Medical Director David Burnett and Secretary Edward Wall.

While he was previously incarcerated at the Green Bay Correctional Institution ("GBCI"), an "educational specialist" and a reading instructor determined that Fowler suffered from severe dyslexia and is illiterate.   The unit ADA Coordinator and Health Services Manager at GBCI reportedly confirmed this diagnosis.   As a result, the ADA Coordinator appointed a tutor to meet with Fowler three times a week to assist him with reading, writing and personal correspondence.  To ensure that plaintiff did not have to utilize other inmates to fill out health service request slips, which would be a breach of confidentiality, Fowler was also offered weekly appointments with the nursing department to see if he had any chronic conditions or concerns.   In that respect, Fowler suffers chronic pain from an unspecified hip injury that required the placement of a metal plate.

In January 2012, Fowler was transferred from GBCI to WCI.  Following transfer, Fowler claims that he was denied the same level of accommodation for his disability.  In particular, Fowler contends that he was neither assigned a tutor at WCI to help him read, write or engage in regular correspondence,[2] nor allowed scheduled visits with a nurse.  As a result, Fowler contends that he was forced to rely on other inmates to submit health service request forms for medical care in violation of his right to privacy.  When Fowler submitted grievances about these issues with help from his cellmate, he also contends that defendant Kroll refused to process them.  Instead, she returned his grievances, "stating that the issues were unclear and that his inmate complaint attempt was evidence that he did not qualify for assistance in filing inmate complaints."  Fowler contends that this violates both the Americans with Disabilities Act and his right to due process under the Fourteenth Amendment.

In addition, Fowler contends that Dr. Sumnicht violated his rights under the Eighth Amendment in April 2012, by discontinuing his prescription for narcotic pain medication (Vicodin) for his "old hip injury."  Instead, Sumnicht prescribed Tylenol or Ibuprofen, as well as a wheel chair to take weight off his hip.  Fowler contends that this was inadequate to treat his severe pain and that Dr. Sumnicht's decision to discontinue Vicodin was unreasonable.[3]

Fowler has since been reassigned to CCI.  He filed this lawsuit pursuant to 42 U.S.C. § 1983 with the assistance of other inmates.  Citing his severe dyslexia and illiteracy,

---

[2] Although it appears that Fowler was assigned a tutor at some point, the inmate who was appointed to that task met with him only once and never returned.   When Fowler asked for a new tutor, his request was declined.

[3] Dr. Sumnicht reportedly discontinued Fowler's prescription for Vicodin after Fowler was charged with violating prison rules for possessing contraband, misusing prescription medication and lying.

Fowler has requested the appointment of counsel to assist him in this case.

OPINION

While civil litigants have no constitutional or statutory right to the appointment of counsel, *e.g.*, *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997), the court may exercise its discretion in determining whether to recruit counsel *pro bono* to assist an eligible plaintiff who proceeds under the federal *in forma pauperis* statute.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent an indigent civil litigant *pro bono publico*."); *Luttrell*, 129 F.3d at 936.

Documentation submitted by Fowler previously in this case reflects that he has insufficient funds from which to retain counsel on his own behalf.  Thus, he qualifies as indigent with respect to his request for court assistance in recruiting volunteer counsel under 28 U.S.C. § 1915(e)(1).  In addition, it appears from his motion that Fowler has made reasonable efforts to find a lawyer on his own and has been unsuccessful. *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992).  Thus, he meets the threshold requirement for court assistance.

The next step is to determine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."  *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007).  A court may consider any or all of the following five factors when making this determination: (1)

the merits of the claim for relief; (2) the ability of plaintiff to investigate crucial facts unaided; (3) whether the nature of the evidence indicates the truth will more likely be exposed when both sides have counsel; (4) the indigent's capability to present the case; and (5) the complexity of the legal issues involved. *Jackson*, 953 F.2d at 1072.

A review of the complaint submitted by Fowler with the assistance of other inmates reveals at least three claims with potential merit.  Fowler's primary claim is that his rights under the Americans with Disabilities Act ("ADA") were violated when he was denied a tutor and/or nurse to assist him with reading, writing and personal correspondence, including the submission of health service request slips.  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.[4]  Assuming his severe dyslexia qualifies as a disability, whether Fowler states a viable claim under the ADA is unclear because he does not allege facts establishing that he was denied participation in a program or service offered by the prison.

To the extent that Fowler claims that Kroll violated his right to due process, it is well established that access to prison grievance procedures is not a constitutionally-mandated right. *See Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) ("[t]he courts of appeals that have confronted the issue are in agreement that the existence of a prison grievance procedure confers no liberty interest on a prisoner") (citations omitted).  A complaint examiner may be

---

[4] The Rehabilitation Act also prohibits discrimination against qualified individuals based on a physical or mental disability.  *See* 29 U.S.C. §§ 794-94e.

liable, however, for "refusing to do her job" and "leaving the prisoners to face risks that could be averted by faithful implementation of the grievance machinery." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). To the extent Kroll returned Fowler's grievances without processing them, she may have frustrated his ability to obtain an accommodation for his disability. Although it is far from clear at least at this stage of the proceedings, Fowler appears to state a viable claim against Kroll regarding her alleged refusal to process his grievances.

To the extent that Fowler contends that the medical care he received was inadequate, his claim against Dr. Sumnicht is governed by the Eighth Amendment, which prohibits "punishment" that is "cruel and unusual." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, thereby constituting an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Estelle*, 429 U.S. at 104). Prison officials may be liable under the Eighth Amendment deliberate-indifference standard "if they intentionally disregard a known, objectively serious medical condition that poses an excessive risk to an inmate's health." *Gonzalez v. Feinerman*, 663 F.3d 311, 313-14 (7th Cir. 2011) (citing *Farmer v. Brennan*, 511 U.S. 825, 827 (1994)). Serious medical conditions include: (1) those that are life-threatening or that carry risk of permanent serious impairment if left untreated; (2) those in which the deliberately indifferent withholding of medical care results in needless pain and suffering; and/or (3) conditions that have been

"diagnosed by a physician as mandating treatment." *Gutierrez v. Peters*, 111 F.3d 1364, 1371-73 (7th Cir. 1997).

Fowler does not contend that he was denied medical care outright in this case and appears to concede that Dr. Sumnicht's decision to curtail access to narcotic pain medication was based at least in part on his medical judgment. Nevertheless, because Fowler alleges that Dr. Sumnicht failed to treat his continuous complaints of severe pain, he arguably states a claim under the Eighth Amendment, at least at the pleading stage of the litigation. To prevail, however, Fowler will have to present admissible evidence permitting a reasonable trier of fact to conclude that defendants acted with deliberate indifference to his serious medical need, which is a high standard. In particular, Fowler must prove: (1) his condition constituted a serious medical need; and (2) perhaps even more daunting, that the defendants knew his condition was serious, caused associated pain and suffering, could be relieved by prescription medication and deliberately ignored his need for this medication. Both elements may well require Fowler to provide credible, expert testimony from a physician in the face of medical evidence to the contrary.

While litigation of the proposed claims would not ordinarily exceed the capacity of a literate inmate possessed with average intelligence, the inherent factual and legal difficulty of this case almost certainly exceed Fowler's capacity in light of his severe, apparently untreated dyslexia and illiteracy. A district court abuses its discretion in declining to recruit counsel when a *pro se* plaintiff will be prejudiced by that denial. *See Jackson v. Hepp*, — F. App'x —, 2014 WL 180176, at *4 (7th Cir. 2014) (vacating a grant of summary judgment and remanding for further proceedings in district court) (citing *Navejar v. Iyiola*, 718 F.3d 692,

696 (7th Cir. 2013), and *Bracey v. Grondin*, 712 F.3d 1012, 1017 (7th Cir. 2013)); *see also*
*Garner v. Sumnicht*, — F. App'x —, 2014 WL 278493 (7th Cir. Jan. 27, 2014) (same).
Because his disability and lack of counsel may prejudice Fowler's ability to pursue a
meritorious claim, the court will grant his request for assistance in locating a volunteer for the
limited purpose of drafting a proposed amended complaint on the issues outlined above.
Once a proposed amended complaint is filed, the court will screen the amended pleadings
pursuant to the PLRA, 28 U.S.C. § 1915A, to determine whether he may proceed further.

### ORDER

IT IS ORDERED that:

(1) plaintiff Kenneth Fowler's request for court assistance in locating volunteer counsel (dkt. # 6) is GRANTED;

(2) the court will enter a separate order once it has recruited a volunteer; and

(3) all other proceedings in this case are STAYED until such time.

Entered this 30th day of July, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge