IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KENNETH FOWLER,

                Plaintiff,                ORDER

v.

                                          14-cv-28-wmc

ANGELA E. KROLL, N. KAMPHUIS,
B. SCHRUBBE, P. SUMNICHT,
DAVID BURNETT, MS. DETERT,
EDWARD WALL and WILLIAM POLLARD,

                Defendants.

Plaintiff Kenneth Fowler filed this civil action challenging the conditions of his confinement at the Waupun Correctional Institution pursuant to 42 U.S.C. § 1983. As noted in a previous order, plaintiff, who suffers from severe dyslexia, alleges that he has been denied (1) a tutor or other accommodation in violation of the Americans with Disabilities Act and/or the Rehabilitation Act, and (2) adequate medical care in violation of the Eighth Amendment. (Dkt. # 8.) At plaintiff's request, the court has recruited counsel Chase Horne of the highly-regarded law firm of Dewitt Ross & Stevens, S.C., in Madison, Wisconsin, to represent him *pro bono* for the limited purpose of preparing an amended complaint. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that § 1915(e)(1) confers, at most, discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). Accordingly, the court will enter his appearance as plaintiff's *pro bono* counsel for the record.

Plaintiff's counsel should contact the Wisconsin Department of Corrections for purposes of consulting with plaintiff in the preparation of an amended complaint in this case, whether by phone and/or in person. Counsel may also wish to consider any administrative remedy process that is available in the Wisconsin Department of Corrections, *see* Wis. Admin. Code § DOC 310.04, the exhaustion of which is a prerequisite to suit in federal court. *See* 42 U.S.C. § 1997e(a). Counsel is directed to contact the court in writing within sixty days of the date of this order with a brief status report and, as appropriate, proposed date for filing of an amended complaint. Once an amended complaint is received, the court will screen it pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A(b), to determine whether plaintiff may proceed.

Finally, plaintiff should appreciate that his counsel took on this representation out of a sense of professional responsibility, which includes representing zealously those clients they take on. Now that he is represented by counsel, plaintiff is advised that in return for representation plaintiff, too, has taken on a responsibility. For example, all future communications with the court must be through his attorney of record. Plaintiff must also work directly and cooperatively with his attorney, as well as those working at the attorney's direction, and must permit them to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. On the contrary, plaintiff should expect his counsel to tell him what he *needs* to hear, rather than what he might prefer to hear, and understand that the rules of professional conduct may preclude counsel from taking

certain actions or permitting him from doing so. Accordingly, plaintiff must be prepared to accept the strategic decisions made by his lawyers even if he disagrees with some of them.

If plaintiff decides at some point that he does not wish to work with his lawyers, he is free to alert the court and end their representation, but he should be aware that it is highly unlikely that the court will recruit a second set of attorneys to represent him.

ORDER

IT IS ORDERED that:

1. The clerk's office shall enter Chase Horne of DeWitt Ross & Stevens, S.C., as plaintiff's *pro bono* counsel of record for the limited purpose of preparing an amended complaint.

2. Plaintiff's counsel shall contact the court in writing within sixty days of the date of this order with a status report, including, if appropriate, a proposed date for the amended complaint.

Entered this 21st day of August, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge